———o———

## C. R. LOGAN, Appellant, *vs.* COUNTY COURT OF BARTON COUNTY, Respondent.

1. *County treasurer—Settlement with county court—Warrants, credit for—Statute of limitations.*—In his settlement with the county court a county treasurer is entitled to a credit for warrants received by him from the county collector, although not paid to the collector for more than ten years from their date. Whether, as against the holder, the county might not set up the statute, *quære?* But the collector, as agent of the county, and under the law, had the power to receive the warrants, although barred by time. And the treasurer was required to receive the warrants from the collector.

### *Appeal from Barton County Circuit Court.*

*N. Bray*, for Appellant, cited: United States vs. Wiley, 11 Wall. 513, 514 ; Richardson, Adm'r, vs. Harrison, Adm'r, 36 Mo. 100 ; McKinzie's Adm'r vs. Hill's Adm'r, 51 Mo. 307, 308 ; McIvor vs. Ragan, 2 Wheat. 29 ; Wagn. Stat. ch. 40, §§ 7, 8, 9, 10, 11, 12, 28, 31, 32, 33, 34, 35 ; Bauer vs. Franklin Co., 51 Mo. 208 ; Coy vs. City Council of Lyons City, 17 Ia. 1-8.

*Cunningham & Walser*, for Respondent, cited : Richardson, Adm'r, vs. Harrison, Adm'r, 36 Mo. 96 ; Hall vs. Wyburn 2 Salk. 420 ; President and Directors of Bank of Alabama vs. Dalton, 9 How. 522 ; McIvor vs. Ragan, 2 Wheat. 25 ; McKinzie's Adm'r vs. Hill's Adm'r, 51 Mo. 303 ; State *ex rel.* vs. Clay Co., 46 Mo. 234 ; People vs. Clark Co., 50 Ill. 213 ; Coy vs. City Council of Lyons, 17 Ia. 7 ; Reppy vs. Jefferson Co., 47 Mo. 68.

NAPTON, Judge, delivered the opinion of the court.

This was a petition by the treasurer of Barton county or a mandamus upon the justices of the county court, to allow certain warrants received by him in his settlement with the county court, as treasurer. The court had refused to credit him with these warrants, because they were barred by the statute of limitations before they were paid to the collector or received by the treasurer.

The treasurer filed an answer, which, among other defenses to the statute of limitations, alleged as follows : "The relator further answering said return, says, that during the years 1859, 1860 and 1861 the county of Barton levied a tax for county revenue purposes, on all the taxable property in said county, to the full extent which by law they could lawfully do, and collected said revenue as far as was in the power of said county court ; and that during these years there was no money which came into the hands of the treasurer from county revenue, which could be, or was set apart to pay off and discharge said warrants as required by law, although the treasurer of said county was often, during the years aforesaid, requested by the legal holders of said warrants to pay the same. Relator further says, that from May, 1861, and during the years 1862, 1863, 1864 and 1865, there was no circuit court held in the county of Barton, nor any court which had jurisdiction of the subject matter of this suit ; that from August, 1862, till December, 1865, there was no clerk of the circuit court of said county, nor sheriff, coroner or any other officer authorized by law to issue writs of summons, or before

22—VOL. LXIII.

whom suits of any kind could be brought, or who could legally execute and return writs or process issued by any court of the State, nor was there any person or officer of said county during any of said years from 1862 to and including the year 1865, against whom suit could be brought, or on whom service of any writ could be executed in said county; that the court house and records of said county were destroyed in 1862, and the officers of said county had all left the State, and there were no county court justices, during said time from 1862 to 1865, residing in said county, but that all had left the county and State, and were residing in another State, and that during the years 1862, 1863, 1864 and 1865, no levy was made, or could be made, in said county for taxes for these years, nor any taxes collected, there being no officer to collect the same, and that the courts of said county were closed, and the county depopulated; that there was in fact no sheriff, coroner, marshal, clerk of the circuit court or county court, or justice of the peace or constable, or any other civil officer of said county. And the relator says, that since the year 1865, to-wit, in 1867 and 1868, said warrants were presented to the treasurer of said county for payment, and payment was refused for want of funds in his hands to pay the same, but relator denies that said county, through its authorized agents, ever refused to credit and allow said warrants, except for the reason aforesaid."

There was a motion to strike out this part of the answer, which was sustained. The following stipulation was then filed:

" For the purpose of this suit it is agreed that these warrants were drawn and delivered by the county court more than ten years next before the same were received by the collector of revenue, or by the relator as treasurer; that they had been duly presented to the treasurer of Barton county, as set out in the plea in this case, and not paid for want of funds; that during the years 1859 and 1860, said warrants were at divers times presented to said treasurer of said county for payment, but not paid for want of funds, but no endorsement made thereon by the treasurer. It is further agreed that the two counts in the return to the writ and answer thereto are by consent waived, so that the court may

decide the main question in issue under the answer to the return and the motion to strike out the same, and that the same shall be decided on its merits, waiving all informalities and imperfections." This stipulation is signed by the counsel on each side.

The plaintiff asked the court to declare the law to be as follows:

First, "When warrants are drawn on the treasurer of the county by the county court, and made payable out of any money appropriated for county expenditures, and the same are presented for payment to said treasurer, and not paid for want of funds, then the statute of limitations does not run in favor of said county until money comes into the hands of said treasurer which has been or is appropriated for county expenditure, and should have been set apart by said treasurer to pay said warrants according to their registration."

Second, " The statute of limitations does not run in favor of the county against the legal holders of a warrant drawn on the treasurer of said county, until it is made to appear that money has been appropriated to pay said warrant, and that the money has been received by the treasurer; and the *onus* is on the defendant to show that the bonds had been appropriated by the county and received by the treasurer."

Third, " The right of action did not accrue to plaintiff until money came into the hands of the treasurer, appropriated for county expenditures and which he could legally pay on said warrants."

These instructions were refused and the court gave the following: " The court declares the law to be that the statute of limitations commenced to run on said warrants from their date, and that more than ten years having elapsed before they were received by the collector, or by him paid over to the treasurer, the statute is a bar to this action."

This instruction is stated in the brief of counsel but the record shows that the instruction was lost and is not copied. But it is not material since the instructions asked, and the motion to strike out the answer, sufficiently show, the views of the court on its denial of the mandamus.

This case presents a singular application of the statute of limitations to a settlement between the treasurer and the county court in regard to a paid county warrant. The warrant had been received by the collector in payment of county taxes, handed over to the treasurer and received by him, and claimed by him as a credit in his settlement with the court, but rejected by the court on the ground that it was issued more than ten years before its reception by the collector. The 46th section of our statute, art. 4, concerning county treasurers, provides, " every officer or person entrusted with the collection of any county or city revenue in this State, is hereby authorized and required to receive all county and city warrants presented to him by the legal holder thereof, in payment of county or city revenue, license, tax, assessment,fine, penalty or forfeiture against said holder, and accruing to the county and city issuing said warrants." Section 9 of the same chapter, authorizes, and indeed requires the treasurer to receive from the collector " all scrips and warrants received by him in payment of county tax," provided " the collector will make out a list of such scrips and warrants, under oath, specifying the number and amount thereof and from whom received," &c.

Section eight and a portion of section nine, particularly point out the duties of the county treasurer in regard to all warrants "legally drawn for money by the county court of the county of which he is treasurer." He is to keep a book in which to enter such warrants as are presented to him for payment, describing the warrants and the date at which they were presented, and the warrants are required to be paid in the order in which they are presented for payment. He is required to pay the warrants when there is money in the treasury belonging to the fund drawn on. If there be no money in the treasury, the "treasurer shall so certify on the back of the warrant and shall date and subscribe the same." (W. S. § 34, p. 415.) It is not necessary to determine in this case whether the county collector, under the 46th section of the statute is authorized or required to set up the statute of limitations on the presentation to him of a county warrant, offered in payment of the holder's taxes. In ordinary cases of individual indebtedness, the debtor is not required by law to plead the statute.

He may pay the debt, although it is barred by time. In this case it was paid and the holder of the warrant is nowise concerned in the litigation between the county court and the treasurer. The collector, as an officer of the county, was expressly authorized to pay this debt, or in other words, to receive this warrant, which was the written evidence of the debt of the county, in payment of the taxes assessed on the holder. The collector was not merely authorized, but required, to receive this warrant.

The county treasurer is required to receive this warrant from the collector, provided that the collector satisfies the treasurer in a mode prescribed that he received it in payment of county taxes. There is no suggestion that any of the formalities required were wanting in this case. The county court rejected the credit claimed, simply and solely on the ground that the warrants were issued more than ten years before the collector received them.

The collector and treasurer are agents of the county. Their agency is regulated by law, and in this case there is no dispute that they strictly complied with the law. The county court is another agency, with enlarged powers, and entrusted with a supervision over the collector and treasurer, but this power of supervision did not authorize them to disregard or annul such powers as were specifically delegated to the treasurer and collector.

Whether county warrants, in the hands of the holders, or their assigns, are subject to the statute of limitations, in a suit against the county, until there is money in the treasury to pay them, is a question upon which we give no opinion. And whether the defenses to the statute set up in this case would be available or not in such a suit, it is of course unnecessary to decide, since it is clear, on the facts agreed on, that the warrants contested had been paid by the collector, an authorized agent of the county, and the holders have no interest in the matter controverted between the treasurer and the county clerk.

The mandamus asked for should have been awarded, and therefore the judgment of the circuit court is reversed and the cause remanded. The other judges concur.