Reynolds v. Norman.

REYNOLDS, *Appellant* v. NORMAN.

Division One, March 13, 1893.

1. **County Taxes**: PAYMENT IN COUNTY WARRANTS. A county warrant lawfully issued in 1889 should be received by the collector in payment of county taxes for 1891.   Revised Statutes, 1889, secs. 3205, 7604.

2. **County Warrant**: PAYMENT OUT OF REVENUES OF SUBSEQUENT YEAR.   A warrant lawfully issued in payment of an indebtedness of one year may be paid out of the revenues of a subsequent year.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Olden & Orr* for appellant.

It was said in *Logan v. Barton Co. Court*, 63 Mo. 340, that the collector was "not only authorized but

required to receive county warrants in payment of county taxes," notwithstanding the warrant in that case was more than ten years old. *United States v. Macon Co.*, 45 Fed. Rep. 400; Revised Statutes, 1889, secs. 3205, 7604. It is agreed that the warrant in question was legal, and in due form of law, and that the plaintiff was the legal holder thereof, that is, it was not a warrant issued in excess of the revenue provided for the year 1889, hence in law and in fact the warrant was equal to cash, since when it was paid into the county treasury by the collector an amount equal to said warrant could be transferred from the revenue fund of 1889 to the revenue fund of 1891.

MACFARLANE, J.—This case was submitted to the circuit court under section 2233, Revised Statutes, 1889, upon the following agreed statement:

*First.* That the defendant was, on the tenth of February, 1892, and still is the legally elected, qualified and acting collector of the state and county revenue for Douglas county, Missouri.

*Second.* That plaintiff is the surviving partner of the firm of J. A. G. Reynolds & Sons.

*Third.* That on the said tenth day of February, 1892, the defendant had in his hands the tax books for Douglas county, whereon appeared the state, county and school taxes for the year 1891; and whereon appeared certain state, county and school taxes against plaintiff's firm amounting in the aggregate to $298.22.

*Fourth.* That on said tenth day of February, 1892, plaintiff paid to defendant the whole of said taxes, except the sum of $103.82, which last named sum was the total amount of county revenue tax for the year 1891 assessed against the real and personal property of plaintiff and plaintiff's firm.

*Fifth.* Plaintiff on said tenth day of February, 1892, presented and tendered to the defendant in payment of said county revenue tax a county warrant on the treasurer of Douglas county, Missouri, dated the fourth day of February, 1889, for the sum of $89.22, and which said warrant was in due form of law, and plaintiff was, at the time of the presentment thereof, the legal owner and holder thereof; that the amount of said warrant, principal and interest, when presented was $104.67, and the whole thereof was tendered in payment of the tax of $103.82. The defendant refused to accept said warrant in payment of said tax for the reason that it was drawn in the year 1889, and the taxes, in payment of which it was tendered, were due for 1891.

Plaintiff contends that it was a legal tender under sections 3205 and 7604, Revised Statutes, 1889, and now brings the said warrant into court and still tenders the same in payment of said tax.

Defendant still refuses to accept the same for the reason that said warrant is not issued for the same year for which the taxes are due, and unless restrained will proceed to levy upon the property of plaintiff for said tax.

To the end, therefore, that the matter in difference between the plaintiff and defendant may be settled as provided in section 2233, Revised Statutes, 1889, the same is hereby mutually submitted to the circuit court of Douglas county for decision.

Should the court find that said tender was a legal tender then plaintiff is to turn over to defendant said warrant in full payment of said tax and the costs of this submission to be taxed against defendant.

Should the court find said tender not to have been a legal tender then judgment is to be rendered against

plaintiff for said tax, interest and costs, reserving the right to appeal to each party.

The sections under which plaintiff claims the right to use the warrant in payment of his county taxes provide as follows:

"Section 3205. Every officer or person intrusted with the collection of any county or city revenue in this state is hereby authorized and required to receive all county and city warrants, presented to him by the legal holder thereof, in payment of any county or city revenue, license, tax, assessment, fine, penalty or forfeiture existing against said holder and accruing to the county or city issuing said warrant."

"Section 7604. All state and county taxes shall be paid in gold or silver coin, United States legal tender notes, national bank notes or auditor's warrants and in no other currency: provided, that county warrants, coupons of county bonds and jury certificates may be received in payment of county taxes."

The construction of these sections came before this court in the case of *Logan v. Barton County Court*, 63 Mo. 341, in which it was held that they not only expressly authorized the collector, as an officer of the county, to receive warrants on the treasurer in payment of county taxes levied upon the property of the holder, but made it incumbent upon him to do so. This decision applied to warrants issued prior to the adoption of the constitution of 1875.

Notwithstanding the limitations placed upon taxation under that constitution, these sections have been continued in force without qualification. Sections 3166 and 3167, which require the treasurer to pay warrants in a particular order and according to the date of their presentation, provides also that nothing therein contained should prevent the treasurer from receiving from

the collector all warrants lawfully received by him in the payment of county taxes.

In *Barnard & Co. v. Knox Co.*, 105 Mo. 384, it was held that under the limitation fixed by section 12, article 10 of the constitution, no county should become indebted to an amount exceeding, in any year, the income and revenue for such year, it was held that a warrant issued in payment of a debt created after the county court had issued warrants in excess of the revenue provided for such year was void. It was not intimated that a warrant valid when issued could not be paid out of the revenues of subsequent years.

The statute, nothwithstanding all the restrictions placed upon the officers who have in charge the collection and disbursement of the revenue, has never, so far as we are advised, prohibited the payment of a warrant lawfully issued in payment of an indebtedness created in one year out of the revenues of a subsequent year. The revenue provided for one year may, for some cause, not be collected or the collection thereof may be delayed. It would be very unreasonable that a warrant valid when issued should become void by reason of such misfortune. A county is bound for its debts lawfully created.

In a case decided at this term by Division Two of this court, it was held, that a judgment was properly rendered on a warrant, valid when issued, though the revenue provided for the year was exhausted in payment of indebtedness subsequently incurred. The payment of such judgment could only be made out of revenues provided for years subsequent to that in which the debt, on which the warrant was issued, was contracted.

The statute requiring the collector to receive, in payment of county taxes, warrants lawfully issued, is as imperative now as when the *Barton County case, supra*

was decided. There is nothing in the agreed statement from which we can infer that the warrant tendered the collector was illegally issued, and we must presume that the county court acted lawfully and within its constitutional power. The warrant should have been accepted by the collector. Judgment reversed and cause remanded with direction to enter judgment according to stipulation. All concur.