STATE *ex rel.* CITY OF HURON v. CAMBPELL, Judge.

Every lawfully issued and valid municipal warrant should be paid in the order of its registration for payment, although the same was issued in payment of an indebtedness of a prior year.

(Syllabus by the Court.   Opinion filed Nov. 1, 1895.)

Application for writ of mandamus.   Denied.

The facts are stated in the opinion.

*A. W. Wilmarth* and *H. Ray Meyers*, for relator.

Mandamus will not lie to compel a city to appropriate a part of its revenues already raised to pay demands not provided for in raising it, when all such revenue is appropriated and the law forbids any diversion, and will not be employed to compel the payment of judgments to an extent that would deprive the municipality of means for ordinary and necessary municipal expenses. E. St. Louis v. Trustees, 6 Ill. App. 130; Cromartie v. Comm. 87 N. C. 134; State v. New, 34 La. An. 469; E. St. Louis v. Tebley, 110 U. S. 321; Howard v. City, 59 N. W. 833; Springfield v. Edwards, 84 Ill. 632; Law v. People, 87 Ill. 400; People v. Pacheco, 27 Cal. 212; People v. Brooks, 16 *Id.* 35; State v. McAuley, 15 *Id.* 430; State v. Peterson, 5 Nev. 17; Comm. v. Newell, 80 Ill. 11; People v. City, 50 *Id.* 154; Koppekus v. State, 16 Col. 249; Noughues v. Douglas, 7 *Id.* 65; State v. Medberry, 7 O. St. 522; French v. Burlington, 42 Ia. 614; State v. Mayor, 23 La. An. 358. The city council of incorporated cities must pass an appropriation ordinance, setting forth the amount appropriated for each specific purpose, and then subsequently levy a tax sufficient to meet this appropriation within the limit in addition to which the corporation cannot levy. People v. Cairo, 50 Ill. 159; Waterworks v. Reed, 15 Atl. 10; Halsted v. State, 41 N. J. L. 552; Garrison v. Chicago, 7. Biss. 480.

The provision of the constitution that any city incurring indebtedness shall, at or before so doing, provide for the collection of an annual tax sufficient to pay the interest and principal when due, is a limitation upon the powers of a city to incur indebtedness. Mellsop v. Terrell, 8 C. C. A. 554; Burrough v. Fyan, 4 L. R. A. 336; Citizen v. Citizens, 78 Tex. 450; City v. Desaint, 71 Tex. 770; Francis v. Howard, 50 Fed. 44; Snaker v. Nolan, 59 Fed. 660; Wilson v. City, 29 La. An. 673; Knox v. City, 36 La. An. 427; New Orleans v. Clark, 95 U. S. 644. The constitutional limitation of indebtedness applies to

current expenses as well as to any other debts of a corpora-
tion.   Lake v. Rollins, 130 U. S. 662; Law v. People, 87 Ill.
385: French v. Burlington, 42 Ia. 615; People v. May, 10 Pac.
641; Fuller v. Chicago, 89 Ill. 282; 15 Am. and Eng. Ency. L.
1124; Beard v. Hopkinsville, 23 L. R. A. 402.   A warrant
drawn upon a fund levied to meet the expenses for which it is
drawn creates no debt.   Coffin v. City, 26 Ia. 315; State v.
Mayor 23 La. An. 358; *In re* state warrants, 62 N. W. 101.
Property of a municipal corporation cannot be sold upon exe-
cution.   New Orleans v. Morris, 1(5 U. S. 600; Mayor v. Ram-
sey, 6 Ala, 352; Leonard v. City, 21 N. Y. 499; Foster v. Hal-
sey, 25 Ill. 487; Maryweather v. Garrett, 102 U. S. 472; 2 Dil-
lon Mun. Corp. 576.
    *W. A. Lynch* and *H. S. Mouser*, contra.


    FULLER, J.   Upon the relation of the city of Huron, this
applicaton for a peremptory writ of mandamus is to compel
the judge of the Fifth judicial circuit to vacate and set aside a
temporary restraining order, granted in an action to obtain a
permanent injunction, and by which the relator and its treas-
urer are restrained, during the pendency of said action, from
paying out any of the funds of the city on warrants otherwise
than warrants against the sinking fund or special sidewalk
fund, except in the order of their registration, as the same is
shown upon the records of said city.   It appears from the com-
plaint in said action, and from the affidavits used upon the
hearing of an order to show cause why said temporary restrain-
ing order should not be granted, that there is now in the city
treasury about the sum of $8,500 belonging to the general fund
and that there are outstanding warrants to the amount of
$8,000 drawn upon said fund, which were presented for payment
and registration prior to the issuance and registration of
any of the warrants owned by plaintiff, and that the treasurer
of the city, for the past two years, has been paying out money
belonging to the general fund for the current expenses of the

city during said years, without regard to registration, and upon warrants issued and presented for payment long since the issuance, presentation and registration of the warrants described in the complaint, and that said treasurer and other officers of the city threaten to continue the payment of warrants currently issued, to the detriment of plaintiff, and without regard to the time of registration or condition of said fund. The registered warrants mentioned in the complaint and of which plaintiff is the owner by purchase and assignment, were drawn and issued by the city of Huron during preceding years upon its general fund for the current expenses of lighting said city, pursuant to its contract with the Huron Electric Light & Power Company; and, while the validity of said warrants is in dispute, the evidence before us, viewed in the light of the law, is scarcely sufficient to overcome the presumption of validity; and for the purpose of this proceeding only, they will be treated as valid obligations in determining the question as to the right of one who owns a city warrnt issued in a prior fiscal year to have the same paid in the order of its registration and presentation out of the specific fund upon which said warrant was drawn.

The charter of the city authorizes its council to appropriate money and provide for the payment of the expenses and indebtedness of the corporation, prohibits its treasurer from paying out money otherwise than upon warrants properly drawn, and requires him to pay said warrants in the order in which they are presented. Article 2 of chapter 16 of the Political Code, relating to the redemption of warrants, provides that all warrants issued after January 1, 1875, of the state, a county, or an incorporated city or town, shall be paid in the order of their presentation, therefore, and requires every state, county, or city treasurer to keep a book in which to register for payment, in the order of presentation for registration, every warrant so presented, and to indorse upon said warrant over his official signature, "Registered for payment," together

with the date thereof, and to keep in said book an orderly and accurate account of the number, date, and amount of each warrant, the particular fund upon which the same is drawn, the date of presentation, the address of the person in whose name the warrant is registered, and the date of payment and amount thereof, including interest. As soon as a sufficient amount of money has been collected into a particular fund to pay a warrant drawn upon said fund in the order of its registration, he shall notify and pay over to the party holding such warrant the amount thereof when called for; and at the close of each year, in case the amount of money received into each fund is insufficient to pay all warrants drawn thereon, he shall close the account, and carry the amount forward to the ensuing year. The cash-book and register of every treasurer shall be at all times open to the inspection of any person in whose name any warrant is registered and unpaid; and, if a treasurer fails to pay a warrant in the order of its registration, he is made civilly liable upon his official bond to each and every person the payment of whose warrant is thereby postponed. Comp. Laws § § 1671–1679, inclusive. As the effect of this law is to keep the public revenue in the particular fund to which it belongs, and to prevent any diversion of the same or application thereof to a purpose other than that for which the money was raised by taxation, loan, or assessment, we find its various provisions in perfect harmony with section 2 of article 10 of the constitution of this state.

In contemplation of the financial requirements of newly organized or incorporated counties, towns, or cities, before money with which to pay current expenses can be realized through the ordinary channels of assessment and taxation, and for the purpose of enhancing the credit of such recent organizations, as well as others, by enabling holders of warrants upon any legally constituted fund thereof to ascertain approximately its present cash value and time of payment from books thrown open for their inspection, and to prevent a multitude of suits

growing out of an inequitable and unjust discrimination as to the time of payment by disbursing officers, the legislature has required the treasurer to accurately keep a daily account with each fund, and to set apart, as soon as received, money with which to pay a warrant drawn thereon in the order of its presentation for registration, and if, at the end of the year, any of such registered warrants remain unpaid, the amount of each, including interest, must be carried forward, and be dealt with in strict compliance with the legislative system, and be paid in the order of its registration, as soon as money sufficient therefor has been received to the credit of the particular fund upon which the same was drawn. The statute was enacted to prevent the mischief arising from, and the hardships occasioned by, allowing the maximum amount of money which may be levied and collected into a particular fund for any one year to be divided up into separate funds, unknown to the law, and to be paid out immediately for the current expenses of such year upon warrants drawn thereon, to the indefinite postponement or exclusion of valid warrants, to the credit of which the money so received must be placed for the express purpose of paying the same, without regard to date, but in the order of registration, and when called for by the owner thereof. While the identical question was not presented to this court in the case of Town-Lot Co. v. Lane, 62 N. W. 982, the innate principle here involved could not well be divorced therefrom, and the reasoning of that opinion is applicable to the case now before us. The temporary restraining order sought to be vacated and set aside by the mandate of this court only prevents the relator from paying out of its general fund, otherwise than upon valid warrants drawn thereon in the order of their registration. See Reynolds v. Norman, 114 Mo. 509, 21 S. W. 845.

Of course, this court will not be understood as passing upon the validity of any of the warrants referred to by either party to this controversy. It is only valid warrants that are to be paid in the order of their presentation and registration, and

we only intend to declare generally what we understand to be the rule of the statute with reference to the presentation, registration, and payment of valid municipal warrants. As the order complained of in no manner interferes with any act of the city or its officers within the statutory rule, we decline to disturb the same. The application for a peremptory writ of mandamus is denied.