FREEMAN v. CITY OF HURON *et al.*    (MOUSER, Intervener.)

1. Taxes levied and revenues received by the city of Huron cannot be applied in payment of the current expenses of that particular year, without regard to legal prior registered warrants, which must be paid in the order of their priority, as provided for in Comp. Laws, Secs. 1671, 1680, and Huron City Charter, Sec. 20, relating to payments of warrants and the funds out of which they shall be paid.

2. In a suit to enforce payment of city warrants, an allegation that the warrants "were registered for payment according to law by the" city treasurer, "at the dates of their respective presentations," is not merely a legal conclusion.

3. Comp. Laws, Sec. 1672, provides that treasurers of municipalities shall keep registers, in which they shall record the warrants presented, and, among other things, state the "funds upon which the same is drawn," and "the address of the person to whom the same is registered." The court found, as to the warrants sued upon, "that the date of presentation, refusal, 'and registration of said warrants is stamped upon the back of each." and annexed a schedule of said warrants, "showing the number," etc., but omitting to state the funds upon which they were drawn, or the address of the person presenting the same. *Held*, that the schedule was intended merely to identify the warrants, and hence it was immaterial that it did not show that the statutory requirements as to registration had been complied with.

4. Comp. Laws, Sec. 1672, requires the city treasurer to keep a book which shall show the number, date, and amount of each warrant presented,

the funds upon which it is drawn, the address of the person to whom it is registered, and other particulars. *Held*, that the failure of the city treasurer to perform such duty does not defeat the right of a warrant holder, who has in good faith presented his warrant for payment, and has had the treasurer indorse thereon a refusal of payment, and has had the same registered, as required by Section 1673.

5. Where such a warrant is in fact so registered and the clerk has failed to make the required entries, it is presumed that the holder paid or tendered the required registration fee, or that the clerk waived same.

6. City warrants are payable upon presentation for payment, and, payment being refused for want of funds, the holder is thereafter entitled to interest on them (Comp. Laws, Secs. 3721, 4746) until the treasurer sets apart funds to pay them, as provided in Comp. Laws, Sec. 1674.

7. When a city sued on its warrants sets up as a defense that the warrants are invalid on account of the city having contracted an indebtedness in excess of the constitutional limit prior to the time the warrants were issued, the court may inquire into the legality of the indebtedness so set up, whether or not the holders of the evidences of such indebtedness are parties to the action.

8. The court's overruling an objection to a question as being leading, when, though some what leading, it was merely a summing up of the witness' testimony already given, was not an abuse of discretion.

(Opinion filed, Dec. 13, 1897.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by John C. Freeman against the City of Huron and others to enjoin the treasurer of said city from paying city warrants except in the order of their registration. Cora F. Mouser intervened, and joined plaintiff in his action. From a judgment granting plaintiff's and intervener's prayer, defendants appeal. Affirmed.

The facts are stated in the opinion.

*A. W. Wilmarth*, for appellants.

*W. A. Lynch, H. S. Mouser* and *E. H. Aplin*, for respondents.

CORSON, P. J. The plaintiff, claiming to be the owner of a number of the registered warrants of the city of Huron, brought this action to enjoin the city treasurer of that city from paying the city warrants drawn by said city upon the

general fund of that city in any manner other than in the order of their registration.    The intervener, also claiming a number of the registered warrants of the city, was allowed to intervene and join the plaintiff in the action.    The plaintiff and intervener allege in their complaints, in effect, that, for a long time prior to the commencement of this action, said defendant city, through its treasurer, was in the habit of paying out the funds of the city on warrants issued subsequent to the issue of the plaintiff's and intervener's warrants, without regard to said parties' registered warrants, and that the city, through its treasurer, threatens to continue the practice of paying out their funds on warrants issued for current expenses as such expenses accrue, without regard to the prior registered warrants of plaintiff and intervener, as well as prior registered warrants issued for the ordinary expense of said city, and held by other parties not interested in this suit.    The defendants interposed several defenses, among which were the following, in substance The defendants deny that the city treasurer of the city of Huron has been paying warrants drawn by the order of the city council of the city of Huron, out of the general fund of the city, and allege that no warrants have been drawn except upon funds in the city treasury collected on a levy of taxes made for the purpose of creating a fund with which to pay the current expenses of the said city for a specific fiscal year, and that none of the funds so collected upon such levy can be used in the payment of the plaintiff's warrants described in the complaint.    The defendants further allege that, at the time the warrants of plaintiff and intervener were issued, the city of Huron had contracted an indebtedness in excess of the constitutional limit, and that said warrants were therefore illegal and void; and the defendants conclude with a prayer that the warrants of plaintiff and intervener may be declared to be illegal and void, and canceled, as against the city of Huron.    A proper reply was filed.    The findings of fact and conclusions of law in this case are very full, covering some 34

pages of the printed abstract, and we shall therefore only insert in full such as we deem especially important.

The court found that plaintiff's and intervener's warrants were legal and valid, duly presented for payment and registered, and that defendants were paying out the funds raised by taxation for current city expenses, without regard to the prior registered warrants issued by said city, and threatened to continue to pay its current expenses with the funds raised by taxation and from other sources, without regard to its prior registered warrants. The court further found that the city of Huron issued during the years 1889, 1890, and 1891 a large number of warrants and bonds, denominated public improvement warrants and bonds, to carry on capital campaigns on the part of said city, and also warrants to purchase the right of way for a certain railway company. As to the indebtedness of said city, the court finds as follows: "That, excluding public improvement warrants, all of the warrants involved in this action were issued during the fiscal year in which they were issued, before the city had issued warrants in excess of the taxes levied for the fiscal years in which said warrants were issued. (24) That the indebtedness set up in the answer embraces all the registered warrants outstanding and unpaid, for whatsoever purpose issued at the date of the commencement of this action, as well as all the bonds of said city, for whatsoever purpose issued; that eliminating therefrom all public improvement warrants, and all bonded indebtedness created to fund the floating indebtedness of the city of Huron, which were used to take up public improvement or capital campaign warrants, there only remain the registered warrants, then outstanding, issued for usual and ordinary expenses of said city, and the bonds issued October 1, 1883, and February 12, 1884, aggregating $40,-000, and which are not questioned; that said bonded indebtedness together with said remaining outstanding registered warrants, at no time, as hereinbefore found exceeded the constitutional limit of said city's right to become indebted; and that at no

time did the issue of warrants for current expenses exceed the fiscal revenues for the fiscal year in which said warrants were issued." The court's conclusions of law, material to the questions involved, are as follows: "(3) That plaintiff's warrants were duly and lawfully issued in payment of a just and lawful debt against said city, and were duly presented and registered for nonpayment, in the manner required by law, and they are now unpaid. (4) That the warrants of the intervener were fully and lawfully issued, in payment of a just and lawful debt against the city, and were duly presented and registered for nonpayment as required by law, and that they are unpaid. (5) That the plaintiff's and intervener's warrants, and each and all of them, issued during the fiscal year commencing November 1, 1888, and ending October 31, 1889, were within the annual tax levy and resources of said city for said fiscal year; that the warrants of plaintiff and intervener issued during the fiscal year commencing November 1, 1889, and ending October 31, 1890, were each and all within the annual tax levy and resources for said fiscal year; that the warrants of plaintiff issued during the fiscal year commencing December 1, 1890, and ending November 30, 1891, were within the annual tax levy and resources for said fiscal year. (6) That the indebtedness set out in the answer and counterclaim, so far as the same is made up of public improvement warrants and bonds issued by defendant city to raise money to carry on the capital campaigns, and to fund so-called 'public improvements,' as found in the findings of fact, are illegal and void, and constitute no obligations whatever against the defendant city, and therefore must be eliminated from this controversy. * * * (8) That, eliminating the warrants and bonds issued for capital campaign purposes, the plaintiff's and intervener's warrants were each and all of them within the tax levies and resources of defendant city for the fiscal years within which they were issued, * * * (11) That, eliminating the warrants issued to purchase right of way and the $14,500 issue of bonds and capital cam-

paign bonds, the city of Huron was not at any time during the years 1886, 1887, 1889, 1890, and 1891 beyond the legal limit in which it could become indebted, either under the organic act of Dakota territory or the constitution of the state.  *  *  *  (17) That the plaintiff and intervener are entitled to a judgment of this court requiring that all the legal warrants of the city of Huron be paid in the order in which they are presented and registered for payment, until such time as the plaintiff's and intervener's warrants are all paid.   (18) That the plaintiff's and intervener's warrants are legal and binding obligations against the city of Huron, and must be paid out of the money in the city treasury levied to pay the current expenses of the city of Huron from year to year, and to be collected upon subsequent levies for current expenses from year to year until said warrants are all paid.   And the plaintiff's and intervener's warrants must be paid out of the said funds, to the exclusion of warrants drawn specially against said fund for the necessary daily current expenses of the city.''

As will have been noticed, the main grounds upon which the defendants rely in defense of this action are: (1) That the city of Huron claims the right to collect its revenues, and place them in what it denominates a ''special fund'' for the payment of its current expenses, and to pay them out for these current expenses without regard to the warrants issued and registered for payment in prior years; (2) that the city had issued a large number of warrants and bonds in excess of the limit of indebtedness fixed by the organic act and the state constitution, prior to the issuance of the warrants in controversy in this action, and that plaintiff's and intervener's warrants were therefore void.

All the questions arising under the first defense are substantially disposed of by the decisions of this court in Town-Lot Co. v. Lane, 7 S. D. 599, 65 N. W. 17; State v. Campbell, 7 S. D. 568, 64 N. W. 1125, and Shannon v. City of Huron, 9 S. D. 356, 69 N. W. 598.   The theory of the learned counsel for

appellants that the revenues of a current year must be applied in payment of the expenses of that year only is not sustained by either the provisions of the statute or of the charter of the city of Huron, but is in direct conflict with the same. It is true that this court has held in the cases cited, and other cases, that the warrants issued in any given year, within the limits of the revenues for that year, do not create any additional indebtedness, within the meaning of the organic act or the state constitution; but it has never held that the taxes levied and revenues received for that year can be applied in payment of the current expenses of that particular year, without regard to legal prior registered warrants. The court could not so hold under the provisions of the statute and the charter of the city of Huron. Comp. Laws, §§ 1671 to 1680, inclusive; Charter of City of Huron, § 20. The law has in clear and unmistakable terms prescribed the manner in which the warrants of a city shall be paid, and this court cannot sanction any departure therefrom. The revenues of the city, when collected, must go into the proper funds, to be paid out upon legal warrants issued, in the order of their presentation and registration, or received in payment of taxes.

The appellants contend that the warrants of plaintiff and intervener were not legally registered, and were not therefore entitled to payment in the order of their presentation for registration. This contention is not tenable. The court, in its fourth finding of fact, finds that the warrants of plaintiff "were duly registered." The intervener, in her complaint, alleged that her warrants "were registered for payment according to law by the treasurer of said city of Huron, at the dates of their respective presentations." This allegation is expressly admitted by the answer. The contention of appellants that this allegation is a legal conclusion only, and therefore its admission by the answer is not binding upon the defendants, cannot be sustained. Such an allegation is equivalent o an allegation that they were duly registered, and that all the acts required by law had been performed.

The further contention of appellants that the schedule annexed by the court to its fourth finding fails to show that the requirements of the statute had been complied with by the treasurer does not affect the finding of the court, as the schedule was evidently intended to describe and identify the warrants, and not to show the manner of their registration. This is clearly apparent from that part of the finding relating to intervener's warrants. After stating "that the date of presentation, refusal, and registration of said warrants is stamped upon the back of each of said warrants," the court adds "that the following is a schedule of the intervener's said warrants, showing the number," etc. Then follows a schedule similar to that made as to plaintiff's warrants. But assuming that the schedule was intended to show the manner in which the warrants were registered, as contended by appellants, and that there was an omission to state "the fund" on which the warrants were drawn and the "address of the person to whose name the same were registered" (which are the only defects claimed in the registration, by appellants), the record would show no reversible error. It is true the treasurer is required to keep a book which shall show "the number, date, and amount of each warrant presented, the particular fund upon which the same is drawn, the date of presentation, the name and address of the person to whose name the same is registered, the date of payment," etc. Comp. Laws, § 1672. But the failure of the city treasurer to do his duty in this respect cannot defeat the right of a warrant holder who has in good faith presented his warrant for payment, and registration if not paid. The duty of the warrant holder has been performed when he presents his warrant for payment, and has the treasurer indorse thereon the fact that payment is refused for want of funds, and has the same registered for payment. Comp. Laws, § 1673. If appellant's contention is correct, then a city treasurer, by his failure to perform his duty, either by design or negligence, could easily defeat the just creditors of a city, or prefer its creditors by

properly registering the warrants of such persons as he desired to have paid, and neglecting to properly register the warrants of such persons as he wished not to be paid. We cannot sanction any such doctrine. The city treasurer is an officer of the city, over whom the warrant holder has no control, and for whose neglect to perform his duty he is not responsible. If, therefore, the books of the treasurer were not properly kept, and the proper entries made therein, the failure is the failure of the city by its officers, and it cannot take advantage of such ommission as against a warrant holder who has done all that the law requires him to do, namely, to present his warrant for payment; and have it registered for payment. As it was in fact registered, the court will presume that he paid or tendered the required fee, or that payment of the same was waived by the treasurer.

The next contention of appellants we shall notice is that the court erred in allowing interest on these warrants from the date of their presentation and registration. In this, we think, the court ruled correctly. The warrants were payable upon presentation for payment; and, payment being refused for want of funds, the holder was thereafter entitled to interest, under the provisions of Sections 3721, 4746, Comp. Laws, until the treasurer set apart funds to pay them, as provided by Section 1674, Comp. Laws. This and the preceding section clearly assume that such warrants bear interest after presentation and registration.

This brings us to the consideration of the important question in this case, namely: Was it competent for the plaintiff and intervener to show that certain bonds and warrants, issued by the city prior to the issuance of the warrants in controversy in this action, were illegal and void? Appellants contend that evidence tending to prove that these bonds and warrants were issued for an illegal purpose, and were therefore void, is in the nature of a collateral attack; and the determination of that question by the court would be determining the validity of ob-

ligations held by persons not parties to this action. The respondents contend that such determination in this action cannot bind parties who are not before the court. They further insist that, these illegal bonds and warrants being set up in the answer for the purpose of defeating their valid and legal warrants, they must necessarily have the right to prove such bonds and warrants illegal and void, and that they therefore constitute no indebtedness of the city as against them. The question seems to be a new one, as neither party has been able to cite any authorities upon the question, and in our researches we have found none. It would seem clear upon principle, however, that the respondents are correct in their contention, and that the court committed no error in permitting this evidence to be introduced. It will be observed from the findings of the court and its conclusions of law that if these bonds and warrants, claimed to be illegal and void, are eliminated from the city's indebtedness, the indebtedness of the city of Huron at no time has exceeded the limits prescribed in the organic act and the constitution of this state; and the defense that respondents' warrants, or at least a part of them, were issued after the indebtedness of the city had reached the prescribed limit, fails. It would seem illogical to hold that a city by issuing illegal and void obligations, could create an indebtedness in excess of the prescribed limit, and thus make the otherwise valid and legal warrants of the city illegal and void. It would, as contended by respondents, enable a municipal corporation to take advantage of its own wrong; in other words, to defeat legal obligations by issuing illegal and void obligations. Assuming, therefore, that the court correctly found that these so-called improvement bonds and warrants issued to purchase right of way for the railway company were illegal and void, its conclusions of law were clearly correct. In contemplation of law, these illegal and void obligations had no legal existence, and did not therefore create any indebtedness of the city. The indebtedness up to the prescribed limit that would render invalid warrants

issued thereafter, that were otherwise legal and valid, must be a legal and valid indebtedness, except for the limitation of the organic act and constitution. We do not deem it necessary to pursue this discussion further, as it seems to us too clear for argument that respondents having legal and valid warrants, issued for proper municipal purposes, cannot be deprived of their rights by means of illegal and void obligations issued by the city.

Appellants assign as error the ruling of the court overruling an objection to a question, upon the ground that the question was leading, and called for a conclusion of law. The question does seem to have been somewhat leading in form, but was apparently asked as a summing up of the testimony of the witness. The abstract does not purport to give the testimony of the witness in full, but enough appears to show that the witness had been interrogated to some extent upon the subject. The admission of evidence as to matters of form is so largely in the discretion of the trial court that this court would be very reluctant to reverse a judgment of such court, except in a very clear case of an abuse of such discretion. We find no such abuse in this case.

We have omitted any consideration of the question as to the effect of the contract made with the city by plaintiff's assignors for lighting the same, under which plaintiff's warrants were issued. The warrants issued under that contract having been held valid and legal by the trial court, independently of the construction to be given to the contract, a decision upon it is rendered unnecessary at this time.

There were some other assignments of error discussed by counsel, and, while they have not been overlooked, we deem them so intimately connected with the assignments of error discussed as not to require a separate consideration. We have not deemed it necessary to go into or discuss the bewildering mass of figures presented by this record. The findings of the court below were evidently prepared with great care, and after

a most full and thorough consideration of the numerous records and exhibits in the case. The claim of appellants that the city's indebtedness, as shown by its records when the warrants of respondents were issued amounted to over $100,000, while its limit of indebtedness at no time exceeded about $64,000, necessarily involved many difficult financial problems, and most patient investigation on the part of the trial court. Since 1884 the city of Huron has had a bonded debt of $40,000, which seems to be unquestioned. Though we have been requested by appellants to review to some extent the mass of figures involved in this case, we are inclined to take the view that the findings are not excepted to in such a manner as to require us to review the evidence; and we therefore take the findings of the court as correct. We are entirely satisfied with the court's conclusions of law and its judgment. The judgment of the court below is affirmed.

Rehearing denied January 22, 1898.